## STATE v. HARDING.

1. JUROR—STANDING ASIDE.—It is not prejudicial to defendant to stand aside a juror who upon presentation before sworn was accepted by defendant and challenged by solicitor at same time.
2. IBID.—IBID.—PRACTICE in drawing jury in criminal case suggested that defendant should not speak until solicitor has spoken.

Before WATTS, J., Marion, spring term, 1904.    Affirmed.

Indictment against Leonard Harding, H. E. Cunningham and George H. Waring. From sentence, defendants appeal.

*Mr. Walter H. Wells,* for appellants.

*Solicitor J. M. Johnson,* contra.

February 2, 1905.　The opinion of the Court was delivered by

MR. JUSTICE WOODS.　The defendants were convicted of housebreaking and larceny, in the Court of General Sessions for Marion County.　While the jury was being empanelled, the juryman, R. C. Webster, was examined on his *voir dire.* The presiding Judge being satisfied by the examination, ordered that he be presented, and the clerk presented him with the usual words: "Juror, look on prisoner; prisoner, look on juror; what say you?"　The counsel for the defendants said, "Swear him," and the solicitor said, "I challenge him," at the same time.　The Court ruled as follows: "The Court ordered this juror to be presented, and while his hand was upon the book, the defendant's counsel said, 'Swear him,' and the State challenged him, all at the same time.　I hold that under the law, either side can challenge any juror as he comes to the book to be sworn and before he is sworn; and in this case no effort was made at all to swear him before the State challenged him.　He was accepted and challenged at the same time by the defendants' and the State's counsel."

The appeal is from this ruling.　The rule that the solicitor should exercise the State's right of challenge before the juror is accepted by the defendant, has no statutory sanction, but is based entirely on the practice of the Court. *State* v. *Haines,* 36 S. C., 504, 15 S. E., 555.　The defendant's right of challenge is a right of rejection not of selection. *State* v. *Kelley,* 46 S. C., 55, 24 S. E., 60. It is, therefore, manifest that a verdict should not be set aside for a mere technical violation of the rule, which has not impaired the defendant's right of challenge or any other substantive right.　Despite the utmost care on the part of the Court and counsel, misunderstanding and confusion will sometimes occur in the course of a trial, and the discretion of

the Circuit Judge in adjusting such matters will not be disturbed unless abuse of discretion clearly appears. In this case, there is nothing to suggest intentional delay on the part of the solicitor in challenging the juror, but it seems clear that either the defendants' counsel inadvertently spoke too quickly or the solicitor inadvertently spoke too slowly. In these circumstances, it would have been an abuse of discretion to deny the State its right of challenge, when to allow it in no way abridged the defendants' rights.

We venture to think it would diminish the chances of misunderstanding if the defendant would not exercise his right of challenge until the solicitor had affirmatively accepted or challenged the juror.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.