## 7894

### STATE v. PENDARVIS.

1. A JUROR may be peremptorily challenged by the State after acceptance by the defendant and examination on *voir dire*.

2. EVIDENCE.—A PHYSICIAN should be permitted to testify as to the condition he found the defendant in after a personal difficulty, as the issue whether he inflicted the injuries on himself was for the jury.

3. ATTORNEYS—SOLICITOR.—It is not proper for the solicitor to comment in argument on the fact that a defendant in a murder case did not testify, but the remarks here held not reasonably supposed to have influenced the verdict.

Before B. H. Moss, Special Judge, Dorchester, Fall term, 1910. Reversed.

Indictment against John W. Pendarvis for murder. Defendant appeals on following exceptions:

1. "The record discloses the following: During the empanelling of the jury West O. Hutto was examined upon his *voir dire* as follows: 'His Honor: Are you related by blood or marriage to John Pendarvis or C. C. Wimberly? Juror: Not that I know of. His Honor: Have you formed or expressed any opinion as to the guilt or innocence of the defendant? Juror: No, sir. His Honor: Are you conscious of any bias that would prevent you from rendering a true verdict in this case after hearing the testimony? Juror: No, sir.'

"When the above juror was called to the book to be sworn the State did not ask that he be put on his *voir dire*. The State not making the customary request, as had been done with the other jurors, he was accepted by the defense. Upon his acceptance by the defense the State then asked that he be put on his *voir dire,* and he was so sworn, after being accepted by the defense. After the *voir dire* proceedings were had the State objected.

"Mr. Wolfe: Your Honor, we accepted this juror before he was placed on his *voir dire* and we think that we are entitled to have him sworn.

"His Honor: I think that is right. As I remember the solicitor did not ask that the juror be placed on his *voir dire,* and when he was formally presented you accepted him.

"Mr. Hildebrand: I was not noticing. Your Honor, I was leaving this matter to my friends here and we did not know that the juror had been presented.

"His Honor: I think that Mr. Wolfe accepted him when he was presented, and before you asked that he be put on his *voir dire.*

"Mr. Hilderbrand: He is not a juror before he is sworn, your Honor, and we have the right to object to him. We will rest our case on that.

"The juror is objected to by the State under the ruling of the Court.

"Mr. Wolfe: Will your Honor note the exception to your ruling?

"It is respectfully submitted that the Court erred in allowing the juror West O. Hutto to be examined upon his *voir dire* and finally peremptorily challenged by the State under these circumstances, after he had been duly presented and accepted as a juror by the defendant.

2. "The Court erred in excluding the proffered testimony of the witness for the defense, Dr. Carlisle Johnson, such testimony being intended to show the physical condition of the defendant directly after the fatal rencounter, and to show that the defendant was at the time of such physical examination by Dr. Carlisle Johnson suffering from several cuts or incised wounds in his body, inflicted by Wimberly; and it is respectfully submitted that the exclusion of this testimony was especially prejudicial to the defendant in view of the fact that the State by its testimony contended that Wimberly was not armed with a knife and did not cut the defendant, but that defendant had cut his coat and collar

after the encounter himself; whereas, testimony of Dr. Johnson would have established the fact that the defendant had been cut and wounded in and upon his body, and it would have then been for the jury to say in the light of all of the testimony whether the cuts upon the garments and the wounds upon the body of defendant were self-inflicted or had been received in the rencounter with Wimberly.

3. "The Court erred in allowing the solicitor over and against the protest of counsel for defendant, and despite the ruling of the Court sustaining such objection, to continue to comment upon the failure of the defendant to take the stand and testify as is shown by the record.

4. "The Court erred in charging the jury: 'The rule is that the plea of self-defense is not available to one who uses language so opproprious and insulting that a man of ordinary prudence would expect the same to bring on a physical encounter, and which did bring on a physical encounter;' because this was a charge on the facts and took from the jury the consideration of the question as to what did really bring on the difficulty between the defendant and Wimberly, and clearly indicated that the opprobrious language alleged to have been used by Pendarvis did bring on the difficulty."

*Messrs. Wolfe & Connor,* for appellant. *Mr. Wolfe* cites: *State should exercise challenge before juror is presented to defendant:* 12 Ency. P. & P. 500; Miller's Compilation 156; Jay on Confessions and Challenges 110, 230. *Statement of physician should have been admitted:* 15 S. C. 408.

*Assistant Attorney General M. P. DeBruhl,* contra, cites: *Right of peremptory challenge may be exercised at any time before juror is sworn:* 12 Ency. P. & P. 501; Proffatt on Jury Trial, sec. 165; Thomp. & Merr. on Jury Trials 282; 48 La. Ann. 802; 96 Col. 315; 80 N. C. 415; 82 N. C. 631; 40 Pa. St. 466; 57 Wis. 45; 15 Nev. 74; 70 S. C. 395.

'May 4, 1911.  The opinion of the Court was delivered by

MR. JUSTICE GARY.  The following statement appears in the record:

"The appellant was tried before Hon. B. H. Moss, special Circuit Judge, at the Fall term of the Circuit Court for Dorchester county in the year 1910, for murder.

"In exception one, are fully set out the circumstances, surrounding the presenting, acceptance; *voir dire* examination and rejection of the juror, West O. Hutto.

"The jury rendered a verdict of: 'Guilty of manslaughter;' whereupon he was sentenced to twelve years at hard labor in the State penitentiary."

The defendant appealed upon exceptions, which will be reported.

*First Exception:* The case of the *State* v. *Harding,* 70 S. C. 395, 50 S. E. 11, shows, that this exception can not be sustained.  In that case the rule is thus stated:

"The rule that the solicitor, should exercise the State's right to challenge, before the juror is accepted by the defendant, has no statutory sanction, but is based entirely on the practice of the Court.  *State* v. *Haines,* 36 S. C. 504, 15 S. E. 555.  The defendant's right of challenge is a right of rejection not of selection.  *State* v. *Kelley,* 46 S. C. 55, 24 S. E. 60.  It is, therefore, manifest, that a verdict should not be set aside, for a mere technical violation of the rule, which has not impaired the defendant's right of challenge, or any other substantial right."  It is further said that "the discretion of the Circuit Judge, in adjusting such matters, will not be disturbed, unless abuse of discretion clearly appears."

*Second Exception:* The record shows that this question arose as follows:

"Did you make an examination of John Pendarvis, the defendant, soon after this trouble? Yes, sir.  Do you

remember when it was? I do not remember the date, it was on Saturday evening. It was the same of the difficulty? Yes, sir. When was it? About night. In jail? Yes, sir. Tell us what you found when you examined him?

"Mr. Hildebrand: That question is not competent, and we object, that would be a self-serving declaration, the doctor cannot tell, what condition he found this man in, so long a time after this thing happened.

"His Honor: I think the objection should be sustained. You could have some one to corroborate. You could put up the defendant, and let the doctor corroborate him."

It did not appear, that the wounds were inflicted, by the defendant. The testimony tended to show, that the life of the defendant was endangered by the wounds; and, it should have been left to the jury to find, whether they were self-inflicted.

This exception is sustained.

*Third Exception:* The question presented by this exception, arose as follows:

"During the argument of the solicitor, the following language was used: 'I am not going to comment on the fact, that the defendant did not take the stand, but I have often thought, that if I were being tried, on a charge like this, that I—'

"Mr. Wolfe: We object, your Honor.

"His Honor: I think you are right, Mr. Wolfe. You had better not comment on that, Mr. Solicitor.

"Mr. Hildebrand: I guess that hurt.

"Mr. Wolfe: No, sir, it did not hurt. I ask the stenographer to note the remark—'it hurts.' "

While the remark made by the solicitor, was not proper, it is not reasonable to suppose, that it may have influenced the verdict.

*Fourth Exception:* This exception cannot be sustained, for the reason that his Honor, the presiding Judge, merely

announced a proposition of law, and there are no words showing that he undertook to say, how the difficulty occurred.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed, and that the case be remanded to that Court for a new trial.